■ Bovis Lend Lease LMB, Inc., et al., Appellants-Respondents, v Zurich Insurance Company, Respondent-Appellant, et al., Defendants. [780 NYS2d 129]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered September 12, 2003, which, in a declaratory judgment action between insurers involving their respective obligations to defend and indemnify their mutual insured, a general contractor, denied the insurers' respective motions for summary judgment, unanimously affirmed, without costs.

Plaintiff is the general contractor's liability insurer; defendant is the subcontractor's liability insurer; defendant's policy covers the general contractor as an additional insured. The subcontractor's employee brought the underlying main action against the general contractor; the general contractor brought the underlying third-party action against the subcontractor. Defendant's New York office agreed to defend the subcontractor in a reservation of rights letter dated April 2, 2002, a copy of which was apparently also sent to the law firm that represents the general contractor in the underlying action and plaintiff in this action. This action was commenced on October 30, 2002 af-

ter defendant did not respond to plaintiff's July 23, 2002 letter demanding that defendant take over the defense of the general contractor in the underlying action. Defendant asserts that its first notice of such demand was the complaint herein, and argues that the disclaimer contained in its December 4, 2002 answer herein was therefore timely as a matter of law. We reject that argument in view of the return receipt showing that defendant's San Francisco office received plaintiff's July 23, 2002 letter on August 6, 2002. Plaintiff argues that defendant's four-month delay in disclaiming was untimely as a matter of law. We reject that argument because of plaintiff's failure to explain why it mailed the July 23, 2002 letter to defendant's San Francisco office, even though that office had no connection with the underlying action and plaintiff's counsel knew that defendant's New York office was handling the matter. Such mailing raises an issue of fact as to whether plaintiff was deliberately trying to trap defendant into making a late disclaimer (*see Crawford v Merrill Lynch, Pierce, Fenner & Smith*, 35 NY2d 291, 296 [1974]). The reasonableness of defendant's response to plaintiff's July 23, 2002 letter (Insurance Law § 3420 [d]), including whether its San Francisco office should have, for example, called the telephone number on the letter to find out more about the claim, is an issue of fact that should be left for trial (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 70 [2003]). Concur—Saxe, J.P., Ellerin, Williams, Lerner and Sweeny, JJ.